## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL J. WILLIAMS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIV-05-1099-R |
| | ) |
| BLAKE McDANIEL, MARK TODD, | ) |
| MICHAEL OFSAK, ALBERT HOBART, | ) |
| CORPORAL TOY, | ) |
| | ) |
| Defendants. | ) |

### **O R D E R**

Before the Court are the Supplemental Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered August 31, 2007 [Doc. No. 69] and Plaintiff's Objections to the Report and Recommendation filed November 27, 2007 [Doc. No. 77]. In his Objections, Plaintiff asserts that the Prison Litigation Reform Act does not apply to his claims because he was a pretrial detainee, not a prisoner, at the time his claims arose; that he has met his burden of showing exhaustion of administrative remedies that were available to him; that a quorum of at least three assigned members must be present at a disciplinary hearing (and weren't, he implies, in violation of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)); and that Defendants' motion for summary judgment should be denied.

The Court reviews the Report and Recommendation de novo in light of Plaintiff's Objections.

The Magistrate Judge correctly concluded that Plaintiff's claim that he was unconstitutionally convicted of a disciplinary violation because he did not receive a fair and impartial disciplinary hearing is barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) as extended to the imposition of sanctions in the prison disciplinary setting in Edwards v. Balisok, 520 U.S. 641, 644-46, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) and Wallace v. Kato, ___ U.S. ___, 127 S.Ct. 1091, 1097-98, 166 L.Ed.2d 973 (2007). Plaintiff's claim therefor is not moot; it is not yet ripe or has not yet accrued because the disciplinary violation has not been vacated.  Wallace v. Kato, ___ U.S. at ___, 127 S.Ct. at ___, 166 L.Ed.2d at 982-83.  See Mariani v. Stommel, 2007 WL 3011332 at *4 (10th Cir. Oct. 16, 2007) (No. 07-1068); Reed v. Smith, 1999 WL 345492 at *2 (10th Cir. June 1, 1999) (No. 97-6341).  In any event, Plaintiff is wrong as to what the minimum requirements of procedural due process are in a prison disciplinary proceeding that an inmate must receive. See, e.g., Longstreth v. Franklin, 240 Fed. Appx. 264, 266-67, 2007 WL 1874236 at *2 (10th Cir. June 29, 2007) (No. 07-6026) (quoting Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) and citing Wolff v. McDonnelll, 418 U.S. at 563-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).

Contrary to Plaintiff's argument, "[t]he exhaustion requirement [of the PLRA] extends to pretrial detainees because the definition of a prisoner includes "any person . . . detained in any facility who is accused of . . . violations of criminal law.'" Peoples v. Gilman, 109

Fed. Appx. 381 (10th Cir. Sept. 23, 2004) (quoting 42 U.S.C. § 1997e(h)).  Hence, the Magistrate Judge correctly concluded that Plaintiff was required to exhaust his administrative remedies on his excessive force claim, that Defendants met their initial burden on showing that no disputed material fact existed as to Defendants' defense of failure to exhaust and that Plaintiff failed to show with specificity the existence of a disputed material fact.

In accordance with the foregoing, the Supplemental Report and Recommendation of the Magistrate Judge [Doc. No. 69] is ADOPTED in its entirety, Defendants' motion for summary judgment [Doc. No. 28] is GRANTED and Plaintiff's claims are DISMISSED without prejudice.

**IT IS SO ORDERED this 5th day of December, 2007.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE